## GOULD vs. HILL, by next friend.

1. N. A. H., an infant, died intestate, being possessed at the time of a slave, and leaving J. A. H., an infant brother, her sole distributee. The intestate not being indebted to any person, no administration was taken out on her estate, but the slave passed into the hands of the father of J. A. H., and was levied on under an execution against him as his property.—*Held*—That under this state of facts, a court of equity will entertain jurisdiction to restrain the creditor from selling the slave as the property of the father.

ERROR to the Chancery Court of Mobile. Tried before the Hon. J. W. Lesesne.

THE bill in this case was filed in behalf of the defendant in error by his next friend, to restrain the plaintiff in error from selling, under an execution against his father James N. Hill, a slave that had been levied on as his property. The complainant claimed the slave under bequest from Jordan Anderson to his grand daughter Nancy A. Hill, who was the sister of the complainant, and who died in 1839, being then but about five years of age, and leaving the complainant her sole distributee. At the time of her death she was not indebted and no administration has been had of her estate, but her father and the father of the complainant took the slave into his possession and has ever since retained it for the benefit of the complainant. The defendant demurred to the bill for want of equity, but the chancellor overruled the demurrer, and granted the relief prayed. This is now assigned as error.

WM. G. JONES, for the plaintiff in error.

JNO. T. TAYLOR, for the defendant.

DARGAN, C. J.—The right of the complainant to the slave is unquestionable. By the will of Jordan Anderson, the slave was bequeathed to Nancy A. Hill, the sister of the complainant, who died intestate, leaving the complainant her sole distributee. The sole question, therefore, is whether a court of equity has jurisdiction, under the facts disclosed by the proof, to grant the relief sought. There is no administrator of the es-

31

tate of Nancy A. Hill. She died in infancy, nor was she indebted at the time of her death. The complainant is an infant, and the slave has been levied on by the defendant as the property of his father, under whose control the slave is. Under these circumstances, we think the court rightfully took jurisdiction. It cannot be said that the complainant has the legal title to the slave. He could not bring an action in his own name for its recovery, and being an infant, he cannot now become the administrator of his sister. If he cannot be heard in this court, he is at this time without remedy. Let the decree be affirmed.